1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LOW PAUL LUERAS,

11          Petitioner,              No. CIV S-05-1857 DFL KJM P

12      vs.

13   ATTORNEY GENERAL OF THE
     STATE OF CALIFORNIA,
14
            Respondent.            ORDER AND
15
                            /      FINDINGS AND RECOMMENDATIONS
16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.

19          The exhaustion of state court remedies is a prerequisite to the granting of a

20   petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

21   be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

22   thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

23   providing the highest state court with a full and fair opportunity to consider all claims before

24   /////

25   ─────────────────

26   [1] A petition may be denied on the merits without exhaustion of state court remedies. 28
     U.S.C. § 2254(b)(2).

1

1 | presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
2 | Cupp, 768 F.2d 1083, 1086 (9th Cir.).

3 |        After reviewing the amended petition for habeas corpus, the court finds that
4 | petitioner has failed to exhaust state court remedies. The claims have not been presented to the
5 | California Supreme Court. Further, there is no allegation that state court remedies are no longer
6 | available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

7 |        Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is
8 | directed to serve a copy of these findings and recommendations together with a copy of the
9 | petition filed in the instant case on the Attorney General of the State of California; and

10 |        IT IS HEREBY RECOMMENDED that petitioner's amended petition for a writ of
11 | habeas corpus be dismissed for failure to exhaust state remedies.

12 |        These findings and recommendations will be submitted to the United States
13 | District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
14 | twenty days after being served with these findings and recommendations, petitioner may file
15 | written objections with the court. The document should be captioned "Objections to Findings
16 | and Recommendations." Petitioner is advised that failure to file objections within the specified
17 | time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153
18 | (9th Cir. 1991).

19 | DATED: **10/17/06**

UNITED STATES MAGISTRATE JUDGE

21 |
1/luer1857.103
22 |

23 |

---

24 | [2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one
25 | year period will start to run on the date on which the state court judgment became final by the
conclusion of direct review or the expiration of time for seeking direct review, although the
26 | statute of limitations is tolled while a properly filed application for state post-conviction or other
collateral review is pending. 28 U.S.C. § 2244(d).